Clinton S. Coddington, ISB #6507
**CODDINGTON LAW, P.C.**
P.O. Box 1595
Eagle, ID 83616
Telephone:  (208) 338-1500
Facsimile:   (208) 338-7808
Email:  clint@coddingtonlaw.com

JOHN MEIENHOFER, ISB #4614
Attorney at Law
300 W. Myrtle Street, Suite 200
Boise, ID 83702
Telephone: (208) 343-3600
Facsimile: (208) 338-7808
Email: john@johnmeienhofer.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **DAVID WAYNE IRWIN,**<br><br>       **Plaintiff,**<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>       **Defendant.** | **Case No.**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, DAVID WAYNE IRWIN, by and through his counsel of record, John Meienhofer and Clinton S. Coddington, and for a cause of action against the Defendant, United States of America, complains and alleges as follows:

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

## A. PARTIES

1. Plaintiff DAVID WAYNE IRWIN (hereafter "Plaintiff") brings this suit as an individual, who is, and was at all times relevant hereto, a resident of Meridian, County of Ada, State of Idaho.

2. Defendant United States of America operates a health care facility known as the Boise VA Medical Center (hereafter "Boise VA") at 500 West Fort Street, Boise, Ada County, State of Idaho. Defendant, in operating the hospital, holds itself out to the veterans and their dependents to use the degree of skill, care, diligence and attention used by hospitals generally in the community in the care and treatment of patients. The hospital operated by defendant employs, among others, doctors, nurses, interns, residents, student nurses, nurses' aides and other hospital personnel over which it exercises exclusive control and supervision, with the right to employ and discharge such employees.

3. Defendant Allan Wilson, M.D. (hereinafter "Dr. Wilson") was at all times relevant to this action, a licensed medical doctor employed by and practicing at the Boise VA in Boise, Ada County, State of Idaho and was an employee of defendant and acting within the scope of his employment. Dr. Wilson is now deceased.

## B. JURISDICTION

4. This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

5. Venue is proper in the Federal District Court for the District of Idaho pursuant to 28 U.S.C. § 1391(e)(2) because some or all of the acts complained of occurred in the State of Idaho. Venue should be in the Southern calendar pursuant to Local Rule 3.1.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 2**

## C.  CONDITIONS PRECEDENT

6. On September 16, 2010, pursuant to the Federal Tort Claims Act, Plaintiff timely submitted a written Notice of Tort Claim in the amount of $250,000.00 based on these allegations to the United States Department of Veterans Affairs.

7. The United States Department of Veterans Affairs has failed to make a final disposition of the claim within six months after it was presented pursuant to 28 U.S.C. § 2675(a).

## D.  FACTUAL CONTENT

8. At all relevant times, there existed between Dr. Wilson and plaintiff the relationship of physician-patient.

9. On January 4, 2005, Dr. Wilson performed and MCL repair on Plaintiff's left knee at the Boise VA Medical Center.  At that time, Dr. Wilson determined that Plaintiff also had a torn left ACL and that reconstructive surgery was needed.  Dr. Wilson informed Plaintiff that he would be referred to the Puget Sound VA Health Care System in Seattle, Washington (hereafter "Seattle VA) for the reconstructive surgery.

10. Dr. Wilson negligently failed to refer Plaintiff for this procedure.

11. Over the next two and one-half years, Plaintiff's unrepaired left ACL caused his knee condition to deteriorate and caused his pain to increase to the point where Plaintiff was no longer able to maintain his employment as a crane operator, a position he had held for the past fifteen years.  Plaintiff was terminated from his long-time position in October, 2007 for his inability to perform his job due to the deterioration of and pain in his left knee.

12. After losing his employment, despite efforts to retrain in a new field, Plaintiff was unable to find alternate employment and ultimately lost his family home.

13. On March 16, 2009, Plaintiff finally received an Orthopedic Surgery Consult at the Boise VA Medical Center, during which it was noted that "Pt injured knee in a 2005 motorcycle

**COMPLAINT AND DEMAND FOR JURY TRIAL - 3**

accident. He has a Medical MCL repaired by Dr. Wilson. He had a known ACL tear at that time and was to be referred to Seattle ortho at that time for repair but was not done. I see Dr. Wilson note to refer but this was not completed."

14. Plaintiff's left ACL was finally reconstructed at the Seattle VA on June 24, 2009.

15. As a result of the four years that it took to refer Plaintiff to the Seattle VA for his reconstructive surgery, Plaintiff's knee pain and laxity caused him to suffer complications with his left hip as well.

16. As a result of the carelessness, negligence and malpractice of the agents and employees of defendant as described above, Plaintiff has suffered pain, mental anguish, bodily injury, permanent disability, loss of property, loss of wages and will continue to in the future suffer pain, mental anguish, bodily injuries and loss of wages.

### E. ALLEGATIONS

### COUNT ONE – FEDERAL TORT CLAIMS ACT

17. At all times material hereto, Defendant Allan Wilson, M.D. was a physician holding himself out as duly licensed to practice his profession under and by virtue of the laws of the United States and was engaged in the practice of his profession in the City of Boise, County of Ada, State of Idaho. During the time period set forth in the claim, Dr. Wilson was a physician employed by the Boise VA acting within the scope of his employment in his care and treatment of Plaintiff. Under the laws of the State of Idaho, a private person would be liable to Plaintiff for this act or omission. Pursuant to 28 U.S.C. §1346(b), the United States is liable to Plaintiff for his damages as set forth herein.

18. At all times material hereto, the Department of Veterans Affairs was and is a governmental entity and is operated by the United States government providing services to the medically underserved, with its principal place of operation in and doing business through its agents,

**COMPLAINT AND DEMAND FOR JURY TRIAL - 4**

servants, management, staff, directors and/or employees in the City of Boise, County of Ada, State of Idaho. The Department of Veterans Affairs was operated and/or funded by the United States government at the time of the injury in question and was acting within the course and scope of its office or employment when the acts alleged herein were committed. Under the laws of the State of Idaho, a governmental entity would be liable to Plaintiff for this act or omission. Pursuant to 28 U.S.C. §1346(b), the United States is liable to Plaintiff for his damages as set forth herein.

### COUNT TWO - NEGLIGENCE

19. Plaintiff realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 18 above.

20. In failing to timely refer Plaintiff for repair of his torn left ACL, Defendants, jointly and severally, deviated from the standard of medical care and breached Defendants' duty of care to provide Plaintiff with prompt and appropriate medical treatment.

21. As the direct and proximate cause of the Defendants' negligence, carelessness and medical malpractice, Plaintiff's knee injury was left untreated for four (4) years and allowed to deteriorate.

22. As a result of the negligence, carelessness and medical malpractice of the Defendant's employee(s) as described above, Plaintiff has suffered pain, mental anguish, bodily injury, permanent disability, loss of property and loss of wages and will continue in the future to suffer pain, mental anguish, bodily injury and loss of wages.

23. Plaintiff is entitled to an award of damages, both special and general, in an amount to be proved at trial.

### COUNT THREE

24. Plaintiff realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 23 above.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 5**

25. It has been necessary for Plaintiff to hire attorneys John Meienhofer and Clinton S. Coddington to prosecute this action.

26. Plaintiff is entitled to reasonable attorney fees in the event he is the prevailing party in this action, pursuant to Idaho Code § 12-121, the applicable rules of the Idaho Rules of Civil Procedure and the applicable Federal law and Federal Rules of Civil Procedure.

### F. DAMAGES

27. As a proximate and/or producing result of Defendant's acts, Plaintiff has suffered substantial injuries and damages.

28. The damages complained of may have been caused by multiple factors but Defendants' acts, jointly and severally, were substantial factors in causing the damages.

29. There are certain elements of damages provided by law that Plaintiff is entitled to have the jury in this case separately consider in determining the sum of money that will fairly and reasonably compensate him for his injuries and damages; those elements of damage include the following, both up to the time of trial and beyond:

   A. Medical expenses necessarily incurred and to be incurred in the treatment of David Irwin;

   B. Travel expenses necessarily incurred and to be incurred in the securing treatment for David Irwin;

   C. The reasonable amount necessary to reimburse Plaintiff for time spent on additional tasks necessitated by this injury such as traveling to healthcare providers and other tasks related to David Irwin's recovery;

   D. Expenses necessarily incurred and to be incurred because of David Irwin's permanent physical impairment and his resulting inability to do those tasks and services he ordinarily would have been able to perform;

   E. The physical pain and suffering David Irwin has endured and will continue to endure because of the injury he sustained;

   F. The mental anguish and emotion distress David Irwin has suffered and will continue to suffer;

**COMPLAINT AND DEMAND FOR JURY TRIAL - 6**

G. Reasonable attorney fees; and

H. For the costs of prosecuting and presenting the evidence in this case.

30. Plaintiff respectfully requests that a jury determine the amount of the losses he has incurred in the past and will incur in the future.

## PRAYER

WHEREFORE, Plaintiff prays for judgment in his favor against Defendants, jointly and severally, for:

A. As to all Counts: damages, both special and general, in favor of Plaintiff in an amount to be determined at trial;

B. Reasonable attorney fees;

C. Costs of prosecuting and presenting the evidence of this case; and

D. Such other and further relief as this Court determines just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues and claims in the above-entitled matter.

DATED this 20th day of October, 2011.

/S/
CLINTON S. CODDINGTON
JOHN MEIENHOFER
Attorneys for Plaintiff

**COMPLAINT AND DEMAND FOR JURY TRIAL - 7**